HARDING *versus* EVANS.

QUESTION IN THIS CASE.

*As to the liability of an administrator individually.*

1. An administrator purchasing goods, for the use and benefit of an estate, is personally responsible to the vendor; and an action for the price thereof lies against him, in his individual capacity.

This was an action of assumpsit in Perry Circuit Court, where Evans declared against the plaintiff in error, in a count for goods, sold and delivered. The pleas were *non-assumpsit*, payment, set-off, and the *statute of limitations*.

On the trial, the defendant relied upon evidence, that he was the administrator of one Alston; and that the goods, to recover the price of which the action was brought, had been purchased by him, in that capacity, for the use and benefit of the estate.

The Court, in reference to this proof, charged the jury, that the defendant was personally liable, and the action well brought—which was excepted to, and, in this Court assigned as error.

*Mr. Erwin*, for the plaintiff in error; *Mr. Clark*, for the defendant.

SAFFOLD, C. J.—This being an action of assumpsit, brought by Evans, to recover the price of corn, fodder, oats, &c. sold and delivered by him, to Harding, the latter pleaded, and urged as his de-

fence, that, at the time of purchasing the articles, he was administator of the estate of Alston, and was cultivating and carrying on the plantation, belonging to the estate; and that part of said supplies was purchased for, and applied to the the maintenance and support of the plantation; and that, therefore, he was not chargeable with the same, individually, as sued, but, only in his capacity of administrator, as aforesaid. The Court being requested so to charge the jury, refused to do so: on the contrary, instructed them, that if the articles were purchased by the administrator, after the death of his intestate, though for the use and benefit of the estate, still, the purchaser was responsible, in his individual capacity — that he was so chargeable, without any note or memorandum in writing, this not being a case, within the statute of frauds. This charge, and the refusal to instruct otherwise, is the cause assigned for error.

The principle is too clear, to require illustration, that the purchaser of articles, while exercising the trust of administrator, is no less responsible for the same, than if he held no such appointment, regardless of the use to which he may apply them.

It is contended, however, that the statute, making it the duty of administrators, to continue the cultivation of the plantation, during the residue of the year in which the intestate died, should vary the principle, and make the expenses of the plantation a direct charge against the estate, not against the personal representative.

In this case, it does not appear, that the articles were purchased for the support of the plantation, du-

ring any part of the year in which the intestate died. But, if it did so appear, neither the statute referred to, or any other principle of law, would relieve the administrator from liability for the articles purchased by him. The statute provides a sufficient indemnity to the administrator, in cases of this kind—(and which is, perhaps, only the same that he could have claimed under the common law)—that all expenses in continuing the plantation, may be deducted from the amount of assets which may come into the hands of the administrator. The account for these would be subject to allowance, by the Orphans' Court, as other charges and expenses, in the management and settlement of the estate.

There was no error in the judgment below, consequently the same is affirmed.